IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Shirley Magazine-Ward, ) | Civil Action No.: 4:11-cv-02896-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Patrick R. Donahoe, Postmaster General, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff Shirley Magazine-Ward ("Plaintiff") filed the above action against Postmaster General Patrick R. Donahoe ("Defendnt"), alleging violations of her former employer, the United States Postal Service ("USPS"), under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2003 & Supp. 2010), the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. §§ 12101–12213 (West 2006), the Americans with Disabilities Act Amendments Act ("ADAAA"), Pub.L. 110–325, 122 Stat. 3553 (2008), and the Rehabilitation Act of 1973 ("Rehabilitation Act"), as amended, 29 U.S.C.A. §§ 791–94 (2006).

On January 11, 2013, Defendant filed a Motion for Summary Judgment, along with a memorandum in support. Plaintiff filed her Response on February 7, 2013. This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Kaymani D. West.[1] In the R&R, the magistrate recommends that the Court grant Defendant's Motion for Summary Judgment. Plaintiff timely filed Objections to the R&R on June 14, 2013.[2]

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge West for pretrial handling.

[2] The docket report in this case indicates that Plaintiff is represented by counsel, who, as of the date of this order has neither been relieved nor filed a request to be relieved. Plaintiff's counsel filed no objections to the R&R. Plaintiff, however, filed her objections *pro se* and indicated in

For the following reasons, this Court adopts the R&R.

**Background**[3]

Plaintiff began working as a mail processor and clerk for Defendant at the USPS's processing and distribution facility ("P&DF") in Florence, South Carolina in March 1997. On-the-job injuries she incurred prevent her from performing certain of her job duties. According to Plaintiff, Defendant has refused to assign her to light/limited duty or otherwise accommodate her disabilities. Additionally, Plaintiff claims that Defendant harassed her on account of her race and disability.

**Standard of Review**

The magistrate judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the magistrate judge's

---

those objections that she no longer has an attorney in the matter. [*See* Obj., Doc. # 45, at 4 (referencing a letter that does not appear to be attached to the objections).] Although the attorney of record for Plaintiff in the case has filed no objections, out of an abundance of caution the Court will consider Plaintiff's *pro se* filing. *See Anderson v. State of S.C.*, 542 F. Supp. 725, 727 (D.S.C. 1982) (considering *pro se* objections in case where petitioner was represented by counsel but counsel did not file objections).

[3] The facts of this case, including citations to the record, are discussed thoroughly in the magistrate's R&R. [*See* R&R, Doc. # 41, at 1–8.]

report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("*[D]e novo* review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005). Furthermore, in the absence of specific objections to the R&R, this Court is not required to give any explanation for adopting the recommendation. *See Diamond*, 416 F.3d at 315; *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## **Discussion**

The Court reiterates that it may only consider objections to the R&R that direct this Court to a specific error. Plaintiff's objections rehash her initial arguments before the magistrate, simply state backgrounds facts, attach various documents relating to her employment history, and fail to direct this Court to any specific error by the magistrate. *See Weber v. Aiken-Partain*, No. 8:11–cv–02423, 2012 WL 489148, at *2 (D.S.C. Feb. 15, 2012) (noting that objections that merely rehash arguments raised before, and addressed by, the magistrate are insufficient to direct the court to a specific error in the magistrate's proposed findings and recommendations); *Monahan v. Burtt*, No. CIVA 205-2201-RBH, 2006 WL 2796390, at *9 (D.S.C. Sept. 27, 2006) ("[A] district judge should not have to guess what arguments an objecting party depends on when reviewing a magistrate's report." (quoting *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Accordingly, none of the objections offered by Plaintiff meet the applicable standard for specificity

set above and this Court finds no clear error in the R&R. To the extent Plaintiff's arguments constitute specific objections the Court has reviewed the R&R *de novo* and agrees with the magistrate's findings. The issues in this case were correctly addressed by the magistrate and this Court will not address the issues a second time.

## Conclusion

The Court has thoroughly analyzed the entire record, including the R&R, objections to the R&R, and the applicable law.  The Court has further conducted the required review of all of the objections and finds them without merit.  For the reasons stated above and by the magistrate, the Court hereby overrules all of Plaintiff's objections and adopts the R&R.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Summary Judgment [Doc. # 28] is **GRANTED** and this case is **DISMISSED** in its entirety.

**IT IS ALSO ORDERED** that counsel for Plaintiff, Thomas G. Eppink, shall ensure that Plaintiff receives a copy of this order.

**IT IS SO ORDERED**.

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
August 12, 2013